**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3578

_____

ANELLO FENCE, LLC,
                                        Appellant

v.

VCA SONS, INC., d/b/a Freedom Fence;
CLIPPER MAGAZINE, INC.;
SHOPPERS GUIDE, LLC

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:13-cv-03074)
District Judge: Honorable John M. Vazquez

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 14, 2024

Before: BIBAS, MONTGOMERY-REEVES, and ROTH, *Circuit Judges*

(Filed: May 28, 2024)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

BIBAS, *Circuit Judge*.

Good fences make good neighbors and bad blood. Three brothers owned the Anello Brothers fencing company. But their sons did not get along. So a few of them struck out on their own: In 2003, one group founded a rival fence company, VCA Sons. Around that time, Steven Anello started his own fence company.

After a few years, Steven decided to get out of the fence business. He sold his company to VCA and moved to Florida. But Anello Brothers closed down later that year, so Steven returned to New Jersey and founded Anello Fence. Though he used a similar name, he did not buy or license the right to use that name from Anello Brothers.

But Steven soon got busy registering trademarks. In 2011, Anello Fence registered "ANELLO." App. 652–53. Two years later, it registered "ANELLO FENCE." App. 653. The company claimed that it had used the marks since 1963 and had done so "exclusive[ly] and continuous[ly]" for the last five years. App. 652–53.

With its trademarks secured, Anello Fence went on offense, suing VCA for trademark infringement and related claims. In a counterclaim, VCA moved to cancel the trademarks. After discovery, it moved for summary judgment.

The District Court granted partial summary judgment for VCA, leaving its other counterclaims pending. It canceled both trademarks because Steven had gotten them fraudulently: he knew that he had started Anello Fence only in 2007, that he had not used the marks continuously since 1963, and that he had never gotten an assignment from Anello Brothers.

Three months later, Anello Fence moved to reconsider. The District Court denied the motion. Because counterclaims were still pending, there was not yet a final judgment that would let the court reconsider under Rule 60(b). Plus, the motion was untimely under Local Rule 7.1(i), which sets a fourteen-day time limit for motions to reconsider. Finally, there was no new evidence to justify reconsideration.

Anello Fence appealed that denial. A few months later, the District Court dismissed the case with prejudice. And though the notice of appeal was premature because the denial of reconsideration was a nonfinal order, it ripened into a valid notice of appeal once the District Court entered its final judgment. *Lazy Oil Co. v. Witco Corp.*, 166 F.3d 581, 585–86 (3d Cir. 1999). We review the denial of a motion to reconsider for abuse of discretion. *Long v. Atl. City Police Dep't*, 670 F.3d 436, 446 (3d Cir. 2012).

The District Court did not abuse its discretion. Anello Fence's motion to reconsider was untimely under Local Rule 7.1(i). In any event, it fails on the merits. Anello Fence claims that a 2005 VCA ad and flyer must have been fraudulent because they used a logo and phone number different from the ones that VCA used later on. Yet that is mere speculation. And "[a] district court does not abuse its discretion in denying a motion for a new trial … where the [losing party] offers nothing more than speculation." *United States v. Noel*, 905 F.3d 258, 275 (3d Cir. 2018) (internal quotation marks omitted).

Anello Fence also blames its lawyer for the falsehoods in its trademark applications. But that is nothing new: it could have raised that defense at summary judgment. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Nor does that excuse work, as Steven knew that he had founded Anello Fence in 2007 without buying or licensing the right to

the name. Because the motion to reconsider came too late, offered nothing new, and cannot

paper over Steven's knowledge, the District Court properly denied it. So we will affirm the

District Court's order.

4